**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ANGULO PEREZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-950<br><br>Agency No.<br>A241-911-680<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025**

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

David Angulo Perez, a native and citizen of Peru, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

The BIA did not err in its conclusion that Angulo Perez waived any challenge to the IJ's dispositive determinations that he did not establish the Peruvian government is unable or unwilling to protect him or that he is unable to safely relocate within Peru to avoid future persecution. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Thus, his asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Angulo Perez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Peru. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In light of this disposition, we need not reach Angulo Perez's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues.

The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**